## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

FILED _____ ENTERED
LODGED _____ RECEIVED

MAY 0 8 2012

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

|  |  |
|---|---|
| Sandra S. Forquer<br>452 E Broadway Street<br>Bel Air, Maryland  21014<br>    *Plaintiff,* | )<br>)<br>)<br>)<br>) |
|  | ) |
| vs | ) |
|  | ) |
| MARGOLIS, PRITZKER, EPSTEIN<br>& BLATT, P.A.<br>STUART R. BLATT<br>JEFFREY N. PRITZKER<br>100 West Road, Suite 222<br>Towson, Maryland  21204<br>    *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No:  1:12-CV-0146

TRIAL BY JURY DEMANDED

## AMENDED COMPLAINT FOR VIOLATIONS OF THE FDCPA & MCDCA

## JURISDICTION

1.  This court has jurisdiction under 15 U.S.C. § 1692 et seq., 28 U.S.C §1331, and 28 U.S.C. § 1337.

2.  All conditions precedent to the bringing of this action have been performed.

## PRELIMINARY STATEMENT

3.  This is an action for damages brought for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq., the Maryland Fair Debt Collection Practices Act (hereinafter "MFDCPA"), the Maryland Consumer Debt Collection Act (hereinafter "MCDCA").

# PARTIES

4.    The Plaintiff in this lawsuit is Sandra S. Forquer, a natural person, who resides in Harford

County, Maryland heretofore referred to as Plaintiff.

5.    The Defendant(s) in this lawsuit are as follows:

      a.  MARGOLIS, PRITZKER, EPSTEIN & BLATT, P.A., (hereinafter "MPEB") is a

         law firm with offices at 110 West Road Ste 222, Towson, Maryland 21204, whose

         business includes debt collection and litigation.

      b.  STUART R. BLATT (hereinafter "BLATT") is an attorney and principal of

         MARGOLIS, PRITZKER, EPSTEIN & BLATT, P.A.

      c.  JEFFREY N. PRITZKER (hereinafter "PRITZKER") is an attorney and principal

         of MARGOLIS, PRITZKER, EPSTEIN & BLATT, P.A.

6.    At all relevant times herein, Defendants, acted as debt collectors within the meaning of 15

U.S.C. § 1692a(6) and the MCDCA § 14-201(B) in that they held themselves out to be

collecting a consumer debt allegedly owed to CITIBANK (SOUTH DAKOTA) N.A.

(hereinafter "CITIBANK").

# VENUE

7.    The occurrences which give rise to this action, occurred in Harford County, Maryland and

Plaintiff resides in Harford County, Maryland.

8.    Venue is proper in the District of Maryland.

## FACTUAL ALLEGATIONS

9. In April of 2010 Plaintiff received a letter from Defendants claiming to have been retained by CITIBANK to collect an alleged debt in the amount of $14,058.65 and demanding payment from the Plaintiff for said alleged debt.

10. In March 2010, Plaintiff had already received dunning letters from another debt collector, UNITED RECOVERY SYSTEMS, LP, attempting to collect the same alleged account demanding $7,732.26 which was a wholly different amount than what was being demanded by the Defendants.

11. In the letter Plaintiff received from Defendants in April of 2010, Defendants identified themselves as debt collectors by inclusion of the disclosures required under 15 U.S.C. § 1692g.

12. In November of 2010 Defendant MPEB served a Writ of Summons and complaint on an unauthorized and non-related party that did not live at Plaintiff's address which was intended for Plaintiff indicating they had sued her in State Court. Defendants claimed to be representing CITIBANK for recovery of the alleged balance due on the account stated in ¶9 in the amount of $14,058.65 and attorneys fees of $2,108.80. The complaint showed BLATT and PRITZKER as counsel of record in the lawsuit.

13. The Defendants demanded in the lawsuit an amount wholly different than a previous collector had stated as owing for the same account and an amount which was, and is, disputed.

14. On January 11, 2011 Plaintiff sent a demand to the Defendants to cease and desist from collection activities prior to validation of the purported debt which was sent by Certified Mail # 70102780000269468213. Said demand was received by the Defendants on January 13, 2011 as evidenced by USPS tracking records. The date of receipt was BEFORE the date Summary Judgment was issued against Plaintiff in the State Court.

15. On January 11, 2011 Plaintiff sent a demand to cease and desist from any collection activities prior to validation of purported debt alleged to be owed to CITIBANK via Certified Mail # 70102780000269468398. Said notice was received by CITIBANK on January 14, 2011 as evidenced by USPS tracking records.

16. Plaintiff was unaware of and uneducated on court procedures as a least sophisticated consumer and unable to afford counsel at the time of the suit. Plaintiff did not find out about said suit until later because of service to an improper and non-related individual that did not reside at the Plaintiff's address in violation of Maryland law governing proper service of process.

17. On January 14, 2011 the District Court of Maryland entered an Affidavit Judgment against Plaintiff in favor of CITIBANK in the case brought by Defendants in the total amount of $16,250.45.

18. At no time did Defendants provide to Plaintiff any proof of having been retained by or having been given authorization to represent CITIBANK on any alleged account but rather identified themselves as debt collectors. Plaintiff has never done any business with or had any type of contractual obligation with Defendants whatsoever.

19. At no time did Defendants even so much as attempt to provide validation of the debt alleged to be owed by the Plaintiff even though demand had been made for such. Plaintiff

made said demand when she was made aware of the lawsuit against her after service of

process was not properly made on her according to Maryland law and a period of time had

passed since service was made on the wrong party.

## Count I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692 et seq. BY DEFENDANTS MARGOLIS, PRITZKER, EPSTEIN & BLATT, P.A., STUART R. BLATT P.A. AND JEFFREY N. PRITZKER P.A.

20.   Paragraphs 1 through 19 are re-alleged as though fully set forth herein.

21.   Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3).

22.   All Defendants are debt collectors within the meaning defined by 15 U.S.C. § 1692a(6) and

       sought to collect a consumer debt from Plaintiff.

23.   Plaintiff has never conducted business with or had any accounts with Defendants.

24.   In April of 2010 Defendants attempted to collect an alleged debt through a false, deceptive,

       and misleading means and stated an inaccurate amount and status of said alleged debt

       violating FDCPA 15 U.S.C. § 1692e(2) and § 1692f(1).

> 15 U.S.C. § 1692e states that a "false, deceptive, and misleading representation in connection with the collection of any debt", includes the false representation of the character, amount, or legal status of any debt and further makes a threat to take any action that cannot legally be taken a deceptive practice.

> 15 U.S.C. § 1692f states "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section. (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

25.   In November of 2010 Defendants MPEB, BLATT, AND PRITZKER served the summons

       for Plaintiff on a non-related third party not authorized to receive any documents on behalf

of Plaintiff. This person did not reside at Plaintiff's address and by doing so denied

Plaintiff due process through improper service under Maryland law which was a deceptive

act and a violation of 15 U.S.C. § 1692e(10) in attempting to collect an alleged debt.

26.   On January 11, 2011 Plaintiff sent the above identified documents *See* ¶14, 15 to

Defendants and CITIBANK which were not acknowledged or responded to in any manner.

27.   On January 14, 2011 Defendants MPEB, BLATT, AND PRITZKER obtained a Judgment

against Plaintiff by a false, deceptive and misleading means as defined by FDCPA 15

U.S.C. § 1692e(2) in the District Court of Maryland for Harford County thereby damaging

the Plaintiff in the amount of $16,250.45. The continuation of collection actions through

the court, after a demand for validation of the alleged debt had been made by Plaintiff and

not complied with, was a violation of 15 U.S.C. § 1692g(b).

28.   The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which

harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements

in connection with the collection of a debt.

> The Fair Debt Collection Practices Act (FDCPA) is a comprehensive statute which
> prohibits a catalog of activities in connection with the collection of debts by third
> parties. *See* 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any
> person or entity that violates its provisions and establishes general standards of debt
> collector conduct, defines abuse and provides for specific consumer rights. 15 U.S.C.
> § 1692k. The operative provisions of the FDCPA declare certain rights to be
> provided to or claimed by debtors, forbid deceitful and misleading practices, both
> generally and in a specific list of disapproved practices.

29.   The FDCPA imposes a strict liability standard. Because the Act imposes strict liability, a

consumer need not show intentional conduct by the debt collector to be entitled to

damages.

WHEREFORE, Plaintiff demands judgment for statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k, actual damages in the amount of $16,250.45, any attorney's fees, and costs against each and every Defendant.

## COUNT II

## VIOLATION OF THE MARYLAND CONSUMER DEBT COLLECTION ACT BY DEFENDANTS MARGOLIS, PRITZKER, EPSTEIN & BLATT, P.A., STUART R. BLATT P.A. AND JEFFREY N. PRITZKER P.A.

30. Paragraphs 1 through 19 are re-alleged as though fully set forth herein.

31. Defendants were attempting to collect a debt as defined in MCDCA § 14-201(c) that arose from a consumer transaction.

32. Defendants violated MCDCA § 14-202(8) by attempting to collect an alleged debt they had no right to collect under Maryland Law.

33. The actions of the Defendants were the proximate cause of damages in the amount of the improper judgment obtained against the Plaintiff in the amount of $16,250.45 in the State Court.

WHEREFORE, Plaintiff demands judgment for damages of $16,250.45 pursuant to MCDCA § 14-203, any attorney's fees, and costs against each and every Defendant.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: May 6, 2012

Respectfully Submitted,

Sandra S. Forquer
452 E Broadway St.
Bel Air, Maryland  21014
410-638-1850
ssforquer@yahoo.com

SERVICE TO:

MARGOLIS, PRITZKER, EPSTEIN & BLATT, P.A.
AARON MARGOLIS ESQ., Resident Agent
One North Charles Street
505 Blaustein Bldg.
Baltimore, Maryland  21201

STUART R. BLATT P.A.
110 West Road, Suite 222
Towson, Maryland  21204

JEFFREY N. PRITZKER P.A.
110 West Road, Suite 222
Towson, Maryland  21204